1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RAYMOND ALFORD BRADFORD,                 No. 2:21-cv-0637-TLN-EFB P

11                  Plaintiff,

12          v.                                ORDER

13   P. SAFY,

14                  Defendant.

15

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  On May 19, 2021, the court recommended that this action be dismissed because

18   plaintiff had failed to either pay the filing fee or seek leave to proceed in forma pauperis.  ECF

19   No. 9.  On May 26, 2021, after plaintiff notified the court that he had attempted to file a request

20   for leave to proceed in forma pauperis, the court held in abeyance its findings and

21   recommendations for thirty days to allow plaintiff more time to file his request with the court.

22   ECF No. 11.  Plaintiff has since timely filed a request for leave to proceed in forma pauperis.

23   ECF No. 14.  Accordingly, the May 19, 2021 findings and recommendations that recommended

24   the dismissal of this action are vacated.

25                        Application to Proceed In Forma Pauperis

26          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

27   However, court records reflect that on at least three prior occasions, plaintiff has brought actions

28   while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon

                                                  1

1    which relief may be granted, meaning that he is a three-strikes litigant for purposes of 28 U.S.C.

2    § 1915(g).  *See* (1) *Bradford v. White*, No. 2:98-cv-0180-FCD-JFM (E.D. Cal) (dismissed June 3,

3    1999 as barred by the statute of limitations)[1]; (2) *Bradford v. Terhune*, No. 1:04-cv-5496-AWI-

4    DLB (E.D. Cal.) (dismissed October 21, 2004 for failure to prosecute after plaintiff failed to file

5    an amended complaint after dismissal for failure to state a claim)[2]; (3) *Bradford v. Grannis*, No.

6    2:05-cv-0862-FCD-DAD (E.D. Cal.) (dismissed September 30, 2005 as factually and legally

7    frivolous and for failure to state a claim); and (4) *Bradford v. Terhune*, No. 1:04-cv-5261-LJO-

8    SMS (E.D. Cal.) (dismissed May 9, 2008 for failure to state a claim).

9         An exception to the three-strikes rule exists "if the complaint makes a plausible allegation

10   that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."

11   *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Here, plaintiff's complaint satisfies

12   the imminent danger exception.  *See* ECF No. 1 (alleging he has been denied medical care for

13   severe injuries and illnesses because of his refusal to be tested for COVID-19).  Accordingly,

14   plaintiff's application for leave to proceed in forma pauperis is granted.  By separate order, the

15   court directs the agency having custody of plaintiff to collect and forward the appropriate

16   monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

17                                    Screening Standards

18        Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

21   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

22

23   ────────────────

     [1] Allegations that are barred by the statute of limitations are subject to dismissal for failure
     to state a claim. *See Jones v. Bock*, 549 U.S. 199 (2007).  Accordingly, this dismissal qualifies as
24   a strike under 28 U.S.C. § 1915(g).

25        [2] The dismissal of this case, although styled as one for failure to prosecute, also qualifies
     as a strike.  *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also, e.g., Lamon v.*
26   *Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan.
     27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying
27   ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No. 2:10-cv-01300 MCE
     CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing
28   similar cases).

                                          2

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

                                                Screening Order

Plaintiff must amend his complaint to combine all of his allegations into a single document. He has filed a complaint (ECF No. 1) followed by a "supplemental complaint" that does not incorporate the original complaint. *See* ECF Nos. 1 & 13. Filing separate documents that are intended to be read together as a single complaint, however, is not the proper procedure for amending or supplementing a complaint. To add, omit, or correct information in the operative

                                                        3

1    complaint, plaintiff must file another complaint that is complete within itself. This is because an

2    amended complaint supersedes any earlier filed complaint, and once an amended complaint is

3    filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v.*

4    *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,

5    the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th

6    Cir. 1967)). Plaintiff's complaint (and the intended supplement thereto) is dismissed with leave

7    to amend in accordance with the requirements set forth in this order.

8                                                  <u>Leave to Amend</u>

9            Plaintiff is cautioned that any amended complaint must identify as a defendant only

10    persons who personally participated in a substantial way in depriving him of his constitutional

11    rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the

12    deprivation of a constitutional right if he does an act, participates in another's act or omits to

13    perform an act he is legally required to do that causes the alleged deprivation).

14            The amended complaint must also contain a caption including the names of all defendants.

15    Fed. R. Civ. P. 10(a).

16            Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*

17    *George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims

18    against more than one defendant. *Id.*

19            Any amended complaint should be as concise as possible in fulfilling the above

20    requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual

21    background which has no bearing on his legal claims. He should also take pains to ensure that his

22    amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

23    and organization. Plaintiff should carefully consider whether each of the defendants he names

24    actually had involvement in the constitutional violations he alleges. A "scattershot" approach in

25    which plaintiff names dozens of defendants will not be looked upon favorably by the court.

26                                                  <u>Conclusion</u>

27            Accordingly, it is ORDERED that:

28            1.       The May 19, 2021 findings and recommendations (ECF No. 9) are VACATED;

2.      Plaintiff's application to proceed in forma pauperis (ECF No. 14) is GRANTED;

3.      Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

4.       Plaintiff's complaint and "supplement" thereto (ECF Nos. 1 & 13) are DISMISSED with leave to amend within 30 days from the date of service of this order; and

5.      Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  August 20, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE