UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>    Plaintiff,<br><br>  v.<br><br>P. SAFY,<br><br>    Defendant. | No. 2:21-cv-0637-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. The court previously concluded in its order granting plaintiff leave to proceed in forma pauperis that plaintiff is a "three strikes" litigant within the meaning of 28 U.S.C. § 1915(g). ECF No. 15 at 2. But the court also found that plaintiff's allegations qualified for the imminent danger exception to the three strikes bar because of his claim that he had been denied medical care for severe injuries and illnesses because of his refusal to be tested for COVID-19. *Id.* Plaintiff has since filed an amended complaint (ECF No. 18), which the court must screen, and a motion entitled "Motion for Emergency Relief . . ." (ECF No. 20). For the reasons stated below, the amended complaint is largely convoluted and packed with numerous unexplained claims having nothing to do with the original allegation of an imminent danger. The amended complaint fails to state a claim and must be dismissed. Likewise, the motion must be denied.

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## Screening Order

As a threshold matter, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . ." *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 U.S. Dist. LEXIS 120153 at *8 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). That is, plaintiff's claims must relate to his allegation that he has been denied medical care for severe injuries and illnesses because of his refusal to be tested for COVID-19. While plaintiff purports to bring just *three* causes of action, the headings for those "three" causes of action reveal that plaintiff intends to assert far more. They read as follows: (1) "Deliberate Indifference/ Malpractice/Gross Negligence 9(b) Fraud violation/Personal Injury/Cruel & Unusual Punishment/ Atypical & Significant Hardship Prison Life 14th Due Process/Equal Protection/Discrimination Rico Act/Rehabilitation Act/ADA Violation 14th Amendment/Supervisory Liability/Retaliation" (ECF No. 18 at 5-6); (2) "Access to Court/Supervisory Liability/Cruel & Unusual Punishment/ Fraud

9(b) violation/Personal Injury/Negligence Atypical & Significant hardship prison life/14th Amendment Due Process/Rico Act/Retaliation" (*id.* at 6); and (3) "Access to court/Supervisory Liability/Cruel & Unusual Punishment/Fraud 9(b) violation/Personal injury/Negligence/Atypical & significant hardship on prison life/Retaliation/14th Amendment Due Process Rehabilitation Act/Rico Act/Heck Rule" (*id.* at 7).  As evidenced by these convoluted headings alone, plaintiff alleges numerous claims bearing no plausible relation to the allegation of imminent danger previously identified by the court.

Apart from asserting claims that do not involve any physical injury or threat of physical injury, the amended complaint fails to comply with Rule 8.  The complaint is sixteen pages of dense handwriting that is unduly burdensome for the court to parse.  The court cannot determine which claims plaintiff intends to assert against which defendants, or whether all of the claims asserted could be properly joined in a single action.[1]  The difficulty in understanding the specifics of plaintiff's allegations and how, if at all, each defendant was directly responsible for any violation of plaintiff's rights, convinces the court that the complaint does not put defendants on notice of the claims against them.  *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (holding that a sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them.").

Based on the foregoing, the amended complaint is dismissed with leave to amend.

/////

/////

---

[1] The court previously warned plaintiff against bringing multiple unrelated claims against more than one defendant. *See* ECF No. 15 at 4. It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

3

Leave to Amend

Plaintiff will be given leave to file an amended complaint that addresses these deficiencies. That is, plaintiff must only assert claims relating to his allegation that he has been denied medical care for severe injuries and illnesses because of his refusal to be tested for COVID-19. Further, each of his claims must be clearly stated and supported with facts showing how a particular defendant caused him harm. Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his claims. He should carefully consider whether each of the defendants he names actually had involvement in the violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants or lists dozens of unsupported claims for relief will not be looked upon favorably by the court.[2] If plaintiff chooses to amend, he should limit his pleading to **ten** pages, plus any relevant exhibits. Failure to do so may result in either the dismissal of this case.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.

Plaintiff's Motion for Emergency Relief

Plaintiff's motion for emergency relief (ECF No. 20) seeks the appointment of counsel, the appointment of a guardian ad litem, and injunctive relief. Each of these requests must be denied.

Pursuant to Rule 17(c)(2) of the Federal Rule of Civil Procedure, courts are required to "appoint a guardian ad litem--or issue another appropriate order--to protect . . . [an] incompetent person who is unrepresented in an action." Without counsel, however, a plaintiff may not

---

[2] Plaintiff is again cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

proceed through a guardian ad litem. *See Johns v. County of San Diego*, 114 F. 3d 874, 877 (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys."). District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Because the court is unwilling to appoint counsel, no guardian ad litem may be appointed in this case.

Plaintiff also seeks injunctive relief. However, he fails to meet the minimum threshold for merit to satisfy the standard for such relief.[3] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits in this action. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint

---

[3] A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). "The standards for granting a temporary restraining order and a preliminary injunction are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 55 U.S. 7 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

must be dismissed, and thus, he has shown no likelihood of success on the merits of any claim. Accordingly, the motion must be denied.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 18) is dismissed with leave to amend within 30 days of service of this order;
2. Plaintiff's request for the appointment of counsel and a guardian ad litem (ECF No. 20) is denied without prejudice; and
3. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Further, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE