UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | No. 2:21-cv-00637-TLN-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| P. SAFY, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. The court previously concluded in its order granting plaintiff leave to proceed in forma pauperis that plaintiff is a "three strikes" litigant within the meaning of 28 U.S.C. § 1915(g). ECF No. 15. But the court also found that plaintiff's allegations satisfied for the imminent danger exception to the three strikes bar based on his claim that he had been denied medical care for severe injuries and illnesses because of his refusal to be tested for COVID-19. *Id.* Plaintiff filed an amended complaint, ECF No. 18, and on screening, the court concluded that the amended complaint must be dismissed as "largely convoluted and packed with numerous unexplained claims having nothing to do with the original allegation of an imminent danger." ECF No. 21.

Plaintiff has now filed a second amended complaint which is screened below. As discussed herein, the court again finds that plaintiff has stated a potentially cognizable claim

regarding denial of medical treatment. But he has also included a claim that is barred by plaintiff's "three strikes" status. Accordingly, the court will recommend that this barred claim be dismissed without leave to amend and the case proceed on plaintiff's medical claim.

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

<u>Screening Order</u>

As the court has previously informed plaintiff, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . ." *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 U.S. Dist. LEXIS 120153 at *8 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). That is, plaintiff's claims must relate to his allegation that he has been denied medical care for severe injuries and illnesses because of his refusal to be tested for COVID-19.

Plaintiff alleges that defendants Carson and Safy, staff at California Healthcare Facility – Stockton, denied him necessary treatment for various serious health conditions because plaintiff refused to be tested for COVID-19. ECF No. 30 at 2. Plaintiff also alleges that defendant

Spangler, a staff member at California State Prison – Sacramento, has stolen various items of legal and other property from plaintiff. *Id.*

To succeed on an Eighth Amendment claim predicated on indifference to medical needs, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Liberally construed, and for the purposes of § 1915A screening only, plaintiff has stated a potentially cognizable Eighth Amendment claim against defendants Larson and Safy. Plaintiff's claim against Spangler of stealing property does not relate to plaintiff's imminent danger claim, nor does it present facts that themselves show an imminent danger. Thus, it must be dismissed. As plaintiff has had many opportunities to amend the complaint and has been informed that the court will not accept claims unrelated to the imminent danger claim, the court finds that the claim against Spangler should be dismissed without further leave to amend.

## Conclusion

Accordingly, it is RECOMMENDED that plaintiff's claims against defendant J. Spangler (alleging that Spangler stole various items of plaintiff's property) be DISMISSED, without leave to amend, and the case proceed solely on plaintiff's claim that defendants Larson and Safy denied him necessary medical treatment due to his refusal to receive a COVID-19 test. Should the district judge adopt this recommendation, the court will direct service of the second amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE